HEATHER E. WILLIAMS, Bar No. 122664
Federal Defender
MEGHAN D. MCLOUGHLIN, Bar No. 354051
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorney for Defendant
PAULO PEREZ-MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>PAULO PEREZ-MENDOZA,<br><br>  Defendant. | Case No. 2:24-CR-00073-DC<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER**<br><br>DATE:   January 9, 2026<br>TIME:   9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Defendant PAULO PEREZ-MENDOZA, by and through his counsel of record, and Plaintiff, United States of America, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on January 9, 2026.

2. By this stipulation, Defendant now moves to continue the status conference until February 6, 2026, and to exclude time between January 9, 2026 and February 6, 2026 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced discovery associated in this case, which includes over 20,000 Bates stamped pages. The discovery also includes recordings and cell phone extractions that contain entire email accounts and bank records.

b) The parties previously appeared in person on December 9, 2025 to provide the Court with an update as to the status of this case. At the hearing, defense counsel noted she had just returned from extended medical leave. In addition, the government represented that it recently provided an updated plea offer on December 2, 2025. Further, the parties had also been assessing the effect of recent guideline amendments on the applicable sentencing guidelines in this case. After the hearing, the parties continued to discuss the proposed plea offer and defense counsel requested additional discovery that had apparently not been produced. Defense counsel was awaiting those updates to discuss the matter further with her client.

c) Tragically, the former lead prosecutor on this case suddenly passed away. A new prosecutor has since been assigned, and the parties have already begun to discuss the pending negotiations and discovery request. However, the parties now require more time to complete those negotiations and for the government to produce discovery. Defense counsel requires additional time to discuss all these matters with her client.

d) Counsel for defendant believes that the failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties have been working consistently to determine if a resolution in this case is possible and the terms of any potential resolution, taking into account the discovery produced, guideline amendments, and particularly complicated immigration consequences. Proceeding to a change of plea or a trial setting without allowing additional time for this preparation would greatly prejudice the defendant.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 9, 2026, to February

6, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated: December 30, 2025         */s/ Meghan D. McLoughlin*
MEGHAN D. McLOUGHLIN
Assistant Federal Defender
Attorney for Defendant
PAULO PEREZ-MENDOZA

ERIC GRANT
United States Attorney

Dated: December 30, 2025         */s/ Calvin Lee*
CALVIN LEE
Assistant United States Attorney

**ORDER**

The court, having received, read and considered the parties' stipulation filed on December 30, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for January 9, 2026, is VACATED and RESET for February 6, 2026, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between January 9, 2026 and February 6, 2026 inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 31, 2025**              _____
                                             Dena Coggins
                                             United States District Judge